LUTHER E. HALL, Judge pro tem.
The sole question to be determined in this case is the ownership of a house claimed by both the Louisiana Department of Highways and John M. Holahan. On April 7, 1960, the Department sold to Holahan the building bearing the Municipal No. 5760 Louis XIV Street in the city of New Orleans. The house, located in the right of way area designated for the interstate highway system, was sold to Holahan for $1,251.50 on condition that it be moved from the site within a designated period. The contract provided as follows:
“The property on which the buildings and appurtenances are now located are within the right of way limits for the project shown on the front sheet of this proposal. Construction work on this project is expected to begin in the near future. In view of the above, it must be clearly understood that the purchaser must remove his property within the time hereinafter stipulated. Failure to do so will, without putting into default, forfeit to the Department title to the buildings and appurtenances remaining upon the right of way as is hereinafter stipulated.
“Should the successful bidder on any item delay, neglect or default in the prosecution of the removal of any item or portion thereof in accordance with the requirement of this proposal, he shall automatically forfeit title to the buildings and appurtenances, and such title shall revert to the Department, even though the building and appurtenances may have been partially removed or partially demolished from its original location.
“TIME LIMIT: The purchaser on any one or more items shall remove the building or buildings and appurtenances to which he had acquired title and shall leave the sites in a condition satisfactory to the Chief Engineer or his authorized representatives, all as here-inbefore stipulated by these ‘Conditions of Sale’, within thirty (30) calendar days after notification by the Department to begin moving operations.”
The Department of Highways contends that the quoted provisions of the contract create a kind of servitude or right to enter the land and remove the improvements and that -this right terminated when Holahan failed to remove the house within thirty days of notification. Counsel for the Department admits however, that the time *238 limit on this servitude or right to remove could be extended.
During the latter part of 1960 and the beginning of 1961 Holahan and the Highway Department conducted negotiations with regard to a target date for the removal of the house.
On May 10, 1961 Holahan was told by the attorney then acting for the Department that it would be satisfactory if he removed the house by July 1, 1961. A few days later, however, the Department changed its position as previously agreed and demanded that it be removed by May 31st.
On Monday, June 19, 1961 the Department filed eviction proceedings in the Civil District Court against Holahan who had been occupying the house with his family. The hearing on the eviction rule was set for Friday, June 23rd.
On Thursday, June 22 Holahan moved his family from the premises.
On the date set for the hearing the attorney then representing the Department appeared in Court and stated that Holahan would be given until the following Wednesday, June 28, 1961 to remove the house, and continued the rule until the next rule day, June 30th.
However, on Monday June 26 when Hola-han went to the site to begin removal of the house he found the premises boarded up and the doors padlocked with signs posted stating: “Property of U. S. Gov’t, and State of La. Keep off”, and Holahan was informed by a field representative of the Department that he had orders to bulldoze the property, which orders were recalled, but that he intended to resell the property. Consequently the moving operations did not take place.
On Tuesday June 27th Holahan filed an answer to the eviction rule and a recon-ventional demand for an injunction to prevent interference with the removal and to prevent demolition or resale of the house by the Department.
On Friday June 30th trial of the eviction rule and the reconventional demand was had, resulting in a judgment recognizing Holahan as owner of the building, granting additional time for its removal and enjoining the Department from interfering with its removal or demolishing or reselling it.
The house has now been removed and Holahan has posted bond to stand in lieu of it in the event the Court should decide the question of ownership adversely to him.
Assuming, as contended by the Department, that its sale to Holahan was the sale of a mere right to remove the house within a specified time and to become the owner thereof only if the removal was accomplished within that time or any extension thereof, we are of the opinion, under the state of facts here presented, that Holahan has complied with the contract.
The Department extended the time for removal and then by its actions made it impossible for Holahan to effect the removal within the extended time. The trial judge thereupon enjoined the Department from further interference and properly granted Holahan further time.
We are of the opinion that Holahan has now become the owner of the house under the Department’s own interpretation of the contract.
For the foregoing reasons John M. Hola-han is declared to be the owner of the house, and the judgment of the district court is affirmed.
Affirmed.